UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 21-CV-60023-AHS

VANGUARD PLASTIC SURGERY, PLLC d/b/a
VANGUARD AESTHETIC AND PLASTIC
SURGERY,

   Plaintiff,

vs.

UNITEDHEALTH GROUP INCORPORATED, a
foreign corporation, and UNITED
HEALTHCARE SERVICES, INC., a foreign
corporation,

   Defendants.
_____/

**PLAINTIFF'S MOTION TO OVERRULE DEFENDANT UNITED HEALTHCARE SERVICES, INC.'S OBJECTIONS, AND TO COMPEL BETTER ANSWERS, TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 37(a)(3)(B) and Local Rule 26.1(g), Plaintiff Vanguard Plastic Surgery, PLLC ("Plaintiff") moves for an Order overruling Defendant United Healthcare Services, Inc.'s ("UHS") objections to Plaintiff's First Set of Interrogatories ("Interrogatories") and compelling UHS to provide better answers to the Interrogatories upon entry of an appropriate confidentiality order and HIPAA-Qualified Protective Order ("HIPAA-QPO"). In support, Plaintiff states as follows:

   **I.**  **RELEVANT BACKGROUND**

Plaintiff has sued Defendants UHS and UnitedHealth Group Incorporated ("UHG") seeking appropriate compensation for medical services it provided to a patient ("Patient") who was a member of one of Defendants' health insurance plans. More specifically, between March 2018

and August 2019, Plaintiff—an out-of-network provider with Defendants—performed five different surgeries on Patient relating to Patient's diagnosis with Lynch Syndrome and associated increased risk of breast cancer. Compl. [DE 1-3] ¶¶ 25, 38–51. Three of the surgeries were preauthorized and the other two were performed on an emergency basis. *See id.* Plaintiff's billed charges for the five surgeries totaled $442,193.00, yet Defendants paid Plaintiff $21,971.66 for these services—a mere 6.3% of Plaintiff's charges. *See id.* ¶¶ 54–58. Plaintiff brings four alternative state law claims seeking appropriate payment from Defendants for the services it provided to Patient: breach of implied-in-fact contracts based on a shared savings network agreement and/or the reasonable value of the services (Counts I and II); unjust enrichment/breach of implied-in-law contract (Count III); and promissory estoppel (Count IV). *See id.* ¶¶ 79–133.

On June 9, 2021, Plaintiff served the Interrogatories, seeking basic information relevant to the underlying medical services and the issues in dispute. A copy of the Interrogatories is attached as **Exhibit A**. After agreed-to extensions, on August 16, 2021, Defendant served its written Responses and Objections to the Interrogatories ("Answers").[1] A copy of the Answers is attached as **Exhibit B**.

The parties are currently negotiating an appropriate confidentiality order and HIPAA-QPO prior to exchanging any confidential or proprietary information or any protected health information. However, numerous discovery deficiencies are apparent based solely on UHS's written answers and objections. Specifically, in its Answers, UHS improperly attempts to limit discovery to the administrative record; asserts objections followed by an answer; objects to straightforward requests and defined terms, the meaning of which are clear, as vague and

---

1. On September 15, 2021, UHS provided its written agreement to extend the deadline for Plaintiff to bring this Motion.

ambiguous; and otherwise objects to providing relevant and discoverable information. Because UHS's answers are deficient and its objections unfounded, its objections should be overruled, and it should be compelled to provide amended answers to the Interrogatories upon entry of an appropriate HIPAA-QPO and confidentiality order.

## II.　ARGUMENT

### A. UHS's Objection to Discovery Outside the Administrative Record Should Be Overruled.

UHS improperly attempts to limit discovery in this matter to the administrative record based on Defendants' previous contention—more fully set forth in Defendants' Motion to Dismiss [see DE 9]—that Plaintiff's state law claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* ("ERISA"). However, on September 21, 2021, after UHS served its Answers, the Court entered an Order on Defendants' Motion to Dismiss, in which the Court denied Defendants' Motion as to all counts of Plaintiff's Complaint except Count V (which Plaintiff had agreed to voluntarily withdraw) [DE 23]. Accordingly, this matter does not concern a claim pursuant to ERISA, and the scope of discovery is governed by Federal Rule of Civil Procedure 26(b).[2] *See United Surgical Assistants, LLC v. Aetna Life Ins. Co.*, 8:14-CV-211-T-30JSS, 2015 WL 13750191, at *3 (M.D. Fla. Oct. 19, 2015) (discovery relating to a plaintiff's "non-ERISA causes of action is governed by the broad scope of Rule 26"). Plaintiff therefore should be permitted to seek discovery of any relevant matter that is proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1). Given this, UHS's attempts to limit discovery to

---

2.　It bears noting that, even if this case concerned a claim pursuant to ERISA, discovery would not be limited to the administrative record. *See Johnston v. Aetna Life Ins. Co.*, 282 F. Supp. 3d 1303, 1314 (S.D. Fla. 2017) (permitting certain discovery in an ERISA action "even though it might not actually be in the technical administrative record").

the "administrative record" should be rejected, and all of its objections on that basis should be overruled.

### B. UHS's Objections to Specific Requests for Admission Should Be Overruled.

Pursuant to Local Rule 26.1(g)(2), Plaintiff sets forth below the discovery from the Interrogatories to which UHS has objected.

> **Interrogatory No. 3:** Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than Yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.
>
> **Defendant's Answer:** UHS objects to this Interrogatory to the extent that the information sought is equally accessible to Plaintiff and/or already in Plaintiff's possession, custody, or control. UHS also objects to the extent that this Interrogatory seeks information for the purpose of contacting employees of UHS, as such contacts would be improper, unduly burdensome, and in contravention of legal and ethical restrictions on the contact or attempted contact by counsel with a represented party, employee, and/or agent. Moreover, UHS objects to this Interrogatory as it seeks employee contact information which is confidential, irrelevant, and unlikely to lead to the discovery of admissible evidence. Additionally, this Interrogatory seeks documents or information that is not discoverable under ERISA. Furthermore, this Interrogatory seeks information that is irrelevant to the benefit claims at issue in this matter. Statements between employees of UHS, as the claim administrator, and the Plaintiff's employees or representatives may take place on a regular basis in the submission or administration of benefit claims for services that the Plaintiff provides to individuals covered by policies or plans administered by Defendants or their affiliates. Those statements or discussions are specific to the benefit claims that are being administered. It is therefore impossible to respond to this Interrogatory as framed.
>
> Notwithstanding these objections, UHS states that it intends to produce the administrative record related to the benefit claims at issue, which include any Provider Remittance Advice ("PRA"). The PRA is a communication directly to the Plaintiff regarding the administration of the benefit claims, the amounts allowable, the amount of the patient responsibility and the amount that has been authorized to be paid by the claim administrator. Therefore, the answer to this Interrogatory (with respect to the specific benefit claims at issue) may be derived or ascertained from an examination of the claims documents that UHS intends to produce.
>
> **Reason(s) Supporting Motion:** This Interrogatory is straightforward. It asks UHS to

identify individuals who have made statements concerning any of the issues in this lawsuit. As an

initial matter, UHS's answer "[n]otwithstanding [its] objections" is improper. "Although the practice of objection to a discovery request then providing a substantive response notwithstanding the objection has become commonplace, courts in the Eleventh Circuit have found that 'whenever an answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands.'" *Cervenec v. Borden Dairy Co. of Florida, LLC*, 14-62876-CIV, 2015 WL 13567434, at *2 (S.D. Fla. Oct. 16, 2015) (citations omitted). Such a practice "'preserve[s] nothing and serve[s] only to waste the time and resources of both the Parties and the Court. Further, [it] leaves the requesting Party uncertain as to whether the question has actually been fully answered or whether only a portion of the question has been answered.'" *Id.* (citations omitted); *see also Waite v. All Acquisition Corp.*, Case No. 15-CV-62359, 2016 WL 4433719 at, *2 (S.D. Fla. May 3, 2016) (overruling objections because "the Court finds it improper for [the responding party] to object and then provide a response subject to their objections."). UHS's objections to this Interrogatory should be overruled on this basis alone.

      Furthermore, UHS's objections to this Interrogatory are unfounded. Plaintiff is permitted to discovery identifying individuals—including UHS's employees—who have made statements concerning the issues in dispute. Parties are not permitted to wholesale object to identifying any of their employees in discovery; no legal authority supports UHS's contention in this regard. UHS's ERISA objection and its attempt to limit discovery concerning Plaintiff's non-ERISA claims to the administrative record is improper for the reasons set forth in section II.A. above. UHS's objection that this Interrogatory seeks irrelevant information is belied by its admission that such statements take place regularly and are specific to the benefit claims being administered. Accordingly, UHS's objections should be overruled, and it should be compelled to provide an amended Answer to Interrogatory No. 3.

**Interrogatory No. 4:** Identify each and every non-privileged document reflecting Your internal communications (including all letters, notes from verbal conversations, e-mails, and other electronic documents) concerning the Medical Claims at issue in this Lawsuit and/or any allegations set forth in Plaintiff's Complaint.

**Defendant's Answer:** UHS objects to this Interrogatory on the grounds that it is vague and ambiguous as to what is meant by "concerning the Medical Claims at issue in this Lawsuit and/or any allegations set forth in Plaintiff's Complaint." UHS also objects to this Interrogatory as seeking information that is not discoverable under ERISA.

To the extent that this Interrogatory seeks information with regard to the administrative record, UHS states that it intends to produce same. UHS thus refers Vanguard to documents and communications contained therein since "the burden of deriving and ascertaining the answer will be substantially the same" for Vanguard and UHS. See Fed. R. Civ. P. 33(d).

**Reason(s) Supporting Motion:** Again, this Interrogatory is straightforward. UHS's objection that the phrases "Medical Claims at issue in this Lawsuit" and "allegations set forth in Plaintiff's Complaint" is vague and ambiguous is meritless. Not only is it clear what these terms mean based on the Interrogatory itself, but they are also defined in the definitions section preceding the Interrogatories. *See* Ex. A at 2–3. UHS's ERISA objection is unfounded for the reasons set forth in section II.A above.

UHS also improperly attempts to limit this Interrogatory to only those internal communications that may be contained within the administrative record (however UHS defines it). Yet, Interrogatory No. 4 asks UHS to identify all of its internal communications concerning the medical claims at issue and the allegations of Plaintiff's Complaint, regardless of whether those communications are actually contained within the administrative record. Plaintiff, of course, has no objection to UHS producing documents in lieu of answering this Interrogatory, as contemplated by Federal Rule of Civil Procedure 33(d), but those documents should include all of UHS's internal communications responsive to this Interrogatory, not just those that may be contained within the administrative record. Accordingly, UHS's objections to Interrogatory No. 4 should be overruled,

and it should be compelled to either provide an amended answer or to produce all of its internal communications concerning the medical claims at issue and the allegations of Plaintiff's Complaint pursuant to Rule 33(d).

> **Interrogatory No. 6:** Identify the contractually agreed-to rates of payment for medical services similar to the Medical Services (i.e., similar CPT Codes) in the same geographic area as those at issue in Plaintiff's Complaint under all contracts between You and any medical provider in effect at any time from January 1, 2017 through December 31, 2019.
>
> **Defendant's Answer:** UHS objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. In addition, it is vague and ambiguous as to what is meant by "medical services similar to the Medical Services," "similar CPT Codes," and "the same geographic area." UHS also objects to this Interrogatory as seeking information that is not discoverable under ERISA. UHS further objects that this Interrogatory lacks relevance, as this Interrogatory seeks information exceeding the scope of the issues framed by Plaintiff's Complaint. UHS also objects to the extent this Interrogatory seeks any confidential and/or proprietary information.

**Reason(s) Supporting Motion:** This is a straightforward Interrogatory that is routine for these types of cases—i.e., cases in which out-of-network providers bring claims against health insurance companies for underpayment of services provided to members of the insurers' plan. This Interrogatory is properly tailored to seek data reflecting UHS's negotiated rates of payment for the services at issue with other providers in the same geographic area as Plaintiff, and in effect during the relevant time period. These negotiated rates are the product of an arm's-length transaction and thus are highly probative of the fair market value of the medical services at issue—which is the central issue of this case. *See Baker County Med. Services, Inc. v. Aetna Health Mgmt., LLC*, 31 So. 3d 842, 845 (Fla. 1st DCA 2010) ("Fair market value is the price that a willing buyer will pay and a willing seller will accept in an arm's-length transaction."). The fair market value of the services at issue is the proper measure of Plaintiff's damages for the claims alleged, and thus UHS's objection that this Request "exceed[s] the scope of the issues framed by Plaintiff's Complaint" is incorrect. *See, e.g., Merle Wood & Associates, Inc. v. Frazer*, 307 So. 3d 773, 776

(Fla. 4th DCA 2020) (damages for unjust enrichment may be based on the market value of the services).

UHS's objections concerning confidentiality and proprietary information are adequately addressed by entry of an appropriate confidentiality order. UHS could simply de-identify any responsive data or information concerning these rates—which is the regular practice in this sort of litigation. The mere fact that requested information may be confidential or proprietary does not protect it from disclosure. Rather, where the information is relevant to the reasonableness of charges for medical services, an appropriate confidentiality order is sufficient to protect the interests of the objecting party. *See Columbia Hosp. (Palm Beaches) Ltd. P'ship v. Hasson*, 33 So. 3d 148, 151 (Fla. 4th DCA 2010). Further, the inclusion of an attorneys' eyes-only provision in an appropriate confidentiality order will more than adequately protect UHS's interests in this regard.

UHS's other objections should also be overruled. Its objection to "medical services similar to the Medical Services (i.e., similar CPT Codes) in the same geographic area as those at issue" as vague and ambiguous is unfounded. Several of these terms are defined (*see* Ex. A at 2–3) or otherwise have plain meanings. Further, this phrase parallels the one found in Florida's statute requiring payment for services at usual and customary rates—which, again, is synonymous with the fair market or reasonable value of services. *Cf.* § 641.513, Fla. Stat. (requiring reimbursement at "[t]he usual and customary provider charges for similar services in the community where the services were provided."); *Baker County Med. Services, Inc.*, 31 So. 3d at 845 ("In the context of [this statutory provision], it is clear what is called for is the fair market value of the services provided."). UHS's ERISA objections are improper for the reasons set forth in section II.A above. And, finally, UHS's contention that this Interrogatory is overbroad and unduly burdensome is unsupported, which warrants overruling these objections. *See Sallah v. Worldwide Clearing LLC*,

855 F. Supp. 2d 1364, 1376 (S.D. Fla. 2012) ("Objections that state that a discovery request is 'vague, overly broad, or unduly burdensome' are, standing alone, meaningless and do not comply with both the Local Rules and Rule 34's requirement that objections contain a statement of reasons.").

Based on the foregoing, UHS's objections to Interrogatory No. 6 should be overruled, and it should be compelled to answer this Interrogatory subject to entry of an appropriate confidentiality order.

> **Interrogatory No. 7:** Identify the amounts billed to You and the amounts You remitted as payment to any medical provider who provided medical services similar to the Medical Services (i.e., similar CPT Codes) in the same geographic area as those at issue in Plaintiff's Complaint from January 1, 2017 through December 31, 2019.
>
> **Defendant's Answer:** UHS objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. In addition, it is vague and ambiguous as to what is meant by "medical services similar to the Medical Services," "similar CPT Codes," and "the same geographic area." UHS also objects to this Interrogatory as seeking information that is not discoverable under ERISA. UHS further objects that this Interrogatory lacks relevance, as this Interrogatory seeks information exceeding the scope of the issues framed by Plaintiff's Complaint. UHS also objects to the extent this Interrogatory seeks any confidential and/or proprietary information.

**Reason(s) Supporting Motion:** Like Interrogatory No. 6, this Interrogatory is routine for these types of cases. It is properly tailored to seek information directly relevant to the usual and customary rates of payment for (i.e., the fair market value of) the medical services Plaintiff provided to Patient—which, again, is the central issue of this case. Florida law provides that this inquiry requires consideration of the amounts billed and the amounts accepted by providers as payment from non-governmental payers like UHS. *See Baker County Med. Services, Inc.*, 31 So. 3d at 845 ("In determining the fair market value of the services, it is appropriate to consider the amounts billed and the amounts accepted by providers."); *cf. Giacalone v. Helen Ellis Mem'l Hosp. Found.*, Inc., 8 So. 3d 1232, 1235–36 (Fla. 2d DCA 2009) (reasonableness of healthcare charges

includes consideration of usual and customary rates for services at issue). As set forth above, the fair market value of the services at issue is the proper measure of Plaintiff's damages for the claims alleged, and thus UHS's objection that this Request "exceed[s] the scope of the issues framed by Plaintiff's Complaint" is incorrect. *See Merle Wood & Associates, Inc.*, 307 So. 3d at 776 (damages for unjust enrichment may be based on the market value of the services).

UHS's objections concerning confidentiality and proprietary information are adequately addressed by entry of an appropriate confidentiality order containing an attorneys' eyes-only provision, as more fully set forth in response to Interrogatory No. 6.

Similarly, UHS's other objections also should be overruled for the reasons set forth in response to Interrogatory No. 6, including its ERISA objection, as well as its vague and ambiguous objections to terms that are defined, otherwise have plain meanings, and approximate statutory language concerning usual and customary charges for medical services. Further, UHS's contention that this Interrogatory is overbroad and unduly burdensome is again unsupported, which warrants overruling these objections. *See Sallah*, 855 F. Supp. 2d at 1376.

Based on the foregoing, UHS's objections Interrogatory No. 7 should be overruled, and it should be compelled to answer this Interrogatory subject to entry of an appropriate confidentiality order.

> **Interrogatory No. 8:** Describe in detail the process You used to calculate the reimbursement rates for medical services similar to the Medical Services at issue (i.e., similar CPT Codes), provided by Out-of-Network Providers in the community where the Medical Services were provided, from January 1, 2017 through December 31, 2019.
>
> **Defendant's Answer:** UHS objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. In addition, it is vague and ambiguous as to what is meant by "medical services similar to the Medical Services at issue," "similar CPT Codes," and "the community where the Medical Services were provided." UHS also objects to this Interrogatory as seeking information that is not discoverable under ERISA. UHS further objects that this Interrogatory lacks relevance, as this Interrogatory seeks information exceeding the scope of the issues

framed by Plaintiff's Complaint. UHS also objects to the extent this Interrogatory seeks any confidential and/or proprietary information.

**Reason(s) Supporting Motion:** UHS's objections to Interrogatory No. 8 should be overruled for many of the reasons set forth in response to Interrogatories No. 6 and No. 7 above. Its overbroad and unduly burdensome objections are once again unsupported, which warrants overruling them. *See Sallah*, 855 F. Supp. 2d at 1376. The phrases to which UHS objects as being vague and ambiguous—"medical services similar to the Medical Services at issue (i.e., similar CPT Codes)" and "in the community where the Medical Services were provided"—once again are based on terms that are defined (*see* Ex. A at 2–3) or have plain meanings, and these phrases parallel the language of Florida's statute requiring payment at usual and customary rates. *See* § 641.513, Fla. Stat. (requiring reimbursement at "[t]he usual and customary provider charges for similar services in the community where the services were provided."); *Baker County Med. Services, Inc.*, 31 So. 3d at 845. UHS's ERISA objection is unfounded for the reasons set forth in section II.A above. Its objections concerning confidentiality and proprietary information are again adequately addressed by entry of an appropriate confidentiality order containing an attorneys' eyes-only provision, as more fully set forth in response to Interrogatory No. 6.

Finally, this Interrogatory is a straightforward request for information relevant to the issues in dispute—namely, how it is that UHS calculates reimbursement rates for medical services rendered by out-of-network providers like Plaintiff. UHS's objection that this Request "exceed[s] the scope of the issues framed by Plaintiff's Complaint" is therefore unfounded. Accordingly, UHS's objections Interrogatory No. 8 should be overruled, and it should be compelled to answer this Interrogatory subject to entry of an appropriate confidentiality order.

> **Interrogatory No. 10:** Identify all individuals and/or entities with any role or involvement in determining the reimbursement rates paid to Plaintiff for the Medical Services at issue and describe each individual's and/or entity's role in making those reimbursement rate determinations.

**Defendant's Answer:** UHS objects to this Interrogatory on the grounds that it is vague and ambiguous as to what is meant by "all individuals and/or entities with any role or involvement in determining the reimbursement rates." UHS also objects to this Interrogatory as seeking information that is not discoverable under ERISA.

To the extent the Interrogatory requests identification of the plan sponsor and the claims administrator, UHG is the plan sponsor and UHS is the claims administrator. UHS further states as shown in the Provider Remittance Advices contained with the administrative record, UHS complied with and followed the terms of the plan documents and administrative service agreement ("ASA") with regard to the administration of the benefit claims at issue, which included accessing the Data ISight re-pricing service with regard to the appropriate payment amount for certain of the benefit claims at issue and/or accessing directly or indirectly third party agreements through which Plaintiff agreed to accept a discounted amount.

**Reason(s) Supporting Motion:** This Interrogatory asks UHS to identify individuals or entities involved in determining the rates paid to Plaintiff for the medical services in dispute—a reasonably tailored request for relevant information. UHS improperly objects to a phrase that has plain meaning in the context of the Interrogatory, and its ERISA objections are once again improper for the reasons set forth in section II.A. above. UHS also improperly attempts to reframe this Interrogatory as one asking it to identify the plan sponsor and the claims administrator—which is not what the plain language of Interrogatory No. 10 seeks. Accordingly, its objections should be overruled, and it should be compelled to provide an amended answer to Interrogatory No. 10 as originally phrased by Plaintiff in the Interrogatories.

**Interrogatory No. 11:** Identify all documents, databases, schedules, analyses, reports, contracts, summaries, and any other resource that You used or upon which You relied in determining:

  a. the reimbursement rates paid to Plaintiff for the Medical Services at issue; and
  b. the "usual and customary charges," as defined in *Baker County Medical Services, Inc. v. Aetna Health Management, LLC*, 31 So. 2d 842, 845-46 (Fla. 1st DCA 2010), for medical services similar to the Medical Services at issue in the community where the Medical Services were provided, from January 1, 2017 through December 31, 2019.

**Defendant's Answer:** With regard to subsection (a), UHS objects to this Interrogatory on the grounds that it is vague and ambiguous as to what is meant by "the reimbursement rates paid to Plaintiff for the Medical Services at issue." To the

extent the Interrogatory requests identification of documents relied on by UHS in administering the benefit claims at issue, UHS complied with and followed the terms of the plan documents and ASA with regard to the administration of the benefit claims at issue, which included using published rates allowed by the Centers for Medicare and Medicaid Services (CMS) for Medicare and accessing the Data ISight re-pricing service with regard to the appropriate payment amount for certain of the benefit claims at issue and/or accessing directly or indirectly third party agreements through which Plaintiff agreed to accept a discounted amount.

With regard to subsection (b), UHS objects that this Interrogatory assumes and/or mischaracterizes the facts applicable to this matter, specifically that that UHS made a determination of the "usual and customary charges for medical services similar to the Medical Services at issue in the community where the Medical Services were provided, from January 1, 2017 through December 31, 2019." In addition, it is vague and ambiguous as to what is meant by "medical services similar to the Medical Services at issue" and "the community where the Medical Services were provided." UHS further objects to this Interrogatory because it seeks a legal conclusion. UHS also objects to this Interrogatory as seeking information that is not discoverable under ERISA. UHS further objects that this Interrogatory lacks relevance, as this Interrogatory seeks information exceeding the scope of the issues framed by Plaintiff's Complaint. UHS further objects to the extent this Interrogatory seeks any confidential and/or proprietary information.

**Reason(s) Supporting Motion:** Interrogatory 11(b)[3] is a properly tailored discovery request that asks UHS to identify the databases and other materials upon which it relies in determining the usual and customary charges for services similar to those at issue—information that is relevant to Plaintiff's damages. For example, if UHS regularly relies upon FAIR Health data in calculating usual and customary charges, but it did not do so for the specific services at issue in this case, that is relevant to whether it in fact paid Plaintiff the fair market or reasonable value of its services. Accordingly, UHS's relevance objections should be overruled.

Once again, UHS improperly objects to terms that are defined, have plain meanings, or parallel statutory language concerning the usual and customary charges for medical services. *See* § 641.513, Fla. Stat. (requiring reimbursement at "[t]he usual and customary provider charges for

---

[3]   The parties have reached an agreement concerning UHS's objections to subsection (a) of Interrogatory No. 11.

similar services in the community where the services were provided."); *Baker County Med. Services, Inc.*, 31 So. 3d at 845. UHS's ERISA objections are again improper for the reasons set forth in section II.A above, and its confidentiality and proprietary objections are again adequately addressed by entry of an appropriate confidentiality order.

Contrary to UHS's unsupported contention, this Interrogatory does not call for a legal conclusion, but rather asks UHS to identify the documents and other materials upon which it relied in determining the usual and customary charges for medical services similar to those at issue. The reference to *Baker County* in this Interrogatory merely defines the phrase "usual and customary charges"; it does not improperly call for a legal conclusion.

Finally, UHS's objection that this Interrogatory makes improper assumptions or mischaracterizations is not a valid basis for its refusal to respond. If UHS truly does not make any determination of the usual and customary charges for medical services similar to those at issue—which is what its objection seems to indicate—then it should say so in its answer, not refuse to provide one. Accordingly, its objections should be overruled, and it should be compelled to provide an answer to Interrogatory No. 11(b) upon entry of an appropriate confidentiality order.

> **Interrogatory No. 12:** Identify all agreements, contracts, and/or memoranda of understanding between You and UHG in effect at any time from January 1, 2018 through December 31, 2019, that relate to the administration and/or payment of the Medical Claims at issue.
>
> **Defendant's Answer:** UHS objects that this Interrogatory is vague and ambiguous in that Plaintiff fails to sufficiently identify what is meant by "agreements, contracts, and/or memoranda of understanding between You and UHG." UHS also objects to this Interrogatory as seeking information that is not discoverable under ERISA. UHS further objects that this Interrogatory lacks relevance, as this Interrogatory seeks information and documents exceeding the scope of the issues framed by Plaintiff's Complaint. UHS also objects to the extent this Interrogatory seeks any confidential and/or proprietary information.

**Reason(s) Supporting Motion:** This Interrogatory asks for contacts or other agreements between the Defendants that relate to administration of the claims at issue. It is therefore a properly tailored

discovery request seeking relevant information. UHS again asserts unfounded objections that this Interrogatory is vague and ambiguous, despite the objected-to phrase having a plain meaning based on its context. UHS's ERISA objections are likewise unfounded for the reasons set forth in section II.A above. Finally, UHS's confidentiality and proprietary objections are once again adequately addressed by entry of an appropriate confidentiality order. Accordingly, UHS's objections to Interrogatory No. 12 should be overruled, and it should be compelled to provide an answer to Interrogatory No. 12 upon entry of an appropriate confidentiality order.

### III.   CONCLUSION

For the foregoing reasons, the objections asserted by UHS should be overruled, and UHS should be compelled to provide better answers to the Interrogatories, as more fully set forth above, upon entry of an appropriate confidentiality order and HIPAA-QPO.

### IV.   CERTIFICATION PURSUANT TO S.D. FLA. L.R. 7.1(A)(3)

Counsel for Plaintiff hereby certifies that via a telephone call on September 20, 2021, she conferred with Allison Gallagher, Esq., counsel for Defendants, in a good faith effort to resolve the issues raised in this Motion, but the parties have been unable to resolve the issues.

WHEREFORE, Plaintiff respectfully requests entry of an Order overruling UHS's objections to Interrogatories No. 3, 4, 6–8, and 10–12 and compelling UHS to provide better answers to the Interrogatories upon entry of an appropriate confidentiality order and HIPAA-QPO.

*[Remainder of Page Intentionally Left Blank]*

Dated: September 22, 2021  
Boca Raton, FL

Respectfully submitted,

By: *s/ Genevieve Turner*  
RICHARD P. HERMANN, II, ESQ  
Florida Bar No. 110019  
Primary E-Mail: rhermann@sbwlawfirm.com  
Secondary E-Mail: floridaservice@sbwh.law  
GENEVIEVE TURNER, ESQ.  
Florida Bar No. 100058  
Primary E-Mail: gturner@sbwh.law  
Secondary E-Mail: sfiero@sbwlawfirm.com  
SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A.  
7777 Glades Road, Suite 400  
Boca Raton, Florida 33434  
Telephone:   (561) 477-7800  
Facsimile:   (561) 477-7722

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 22, 2021, a true and correct copy of the foregoing document is being electronically filed with the Clerk of Court using CM/ECF and is being served via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel of record identified in the Service List below.

*s/Genevieve Baisden*  
RICHARD P. HERMANN, II, ESQ  
GENEVIEVE BAISDEN, ESQ.

## SERVICE LIST

**AKERMAN LLP**
**Ta'Ronce Stowes, Esq.**
Florida Bar No. 107421
Three Brickell City Centre
98 Southeast Seventh Street, Ste. 1100
Miami, Florida 33131
Telephone: (305) 374-5600
taronce.stowes@akerman.com
magda.cabra@akerman.com

**AKERMAN LLP**
**Irene Bassel Frick, Esq.**
Florida Bar No. 0158739
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333
irene.basselfrick@akerman.com
nicole.emmett@akerman.com

**AKERMAN LLP**
**Allison Paige Gallagher, Esq.**
Florida Bar No.: 808911
420 South Orange Avenue, Suite 1200
Orlando, Florida 32801
Telephone: (407) 423-4000
allison.gallagher@akerman.com
patricia.molloy@akerman.com

*Counsel for Defendants*
*UNITEDHEALTH GROUP INCORPORATED and*
*UNITED HEALTHCARE SERVICES, INC.*