# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 21-CV-60023-AHS

VANGUARD PLASTIC SURGERY, PLLC,
d/b/a VANGUARD AESTHETIC AND
PLASTIC SURGERY,

      Plaintiff,

v.

UNITEDHEALTH GROUP INCORPORATED,
a foreign a corporation, and UNITED
HEALTHCARE SERVICES, INC.,
a foreign corporation,

      Defendants.
_____/

## DEFENDANT UNITED HEALTHCARE SERVICES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, United HealthCare Services, Inc. ("UHS"), by and through its undersigned counsel, hereby serves its Responses and Objections to the First Set of Interrogatories served by Plaintiff, Vanguard Plastic Surgery, PLLC.

## PRELIMINARY STATEMENT

The benefit claims at issue are subject to an employee health benefit plan. It is Defendants' position that the Plaintiff seeks payment of benefits under a plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), Title 29 U.S.C. § 1001, *et. seq.* Therefore, Plaintiff's causes of action may be completely preempted by ERISA. Furthermore, in an ERISA action, discovery is limited to the administrative record developed during the administration of the benefit claims at issue as well as any appeals of those benefit claims.

## INTERROGATORIES

1. What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

**RESPONSE:**

**As to Interrogatories:**

> **Rebecca Paradise**
> **UnitedHealthcare Networks, Out of Network Payment Strategy**
> **Answering on behalf of United HealthCare Services, Inc.**
> **c/o Akerman LLP**
> **401 East Jackson Street, Suite 1700**
> **Tampa, Florida 33602**
> **Telephone:  (813) 223-7333**

**As to objections:**

> **Irene Bassel Frick, Esq. – Counsel for Defendants**
> **Akerman LLP**
> **401 East Jackson Street, Suite 1700**
> **Tampa, Florida 33602**
> **Telephone:  (813) 223-7333**
>
> **Allison Paige Gallagher, Esq. – Counsel for Defendants**
> **Akerman LLP**
> **420 South Orange Avenue, Suite 1200**
> **Orlando, FL 32801**
> **Telephone:  (407) 423-4000**

2. List the names, addresses, and telephone numbers of all persons who are believed or known by You, Your agents, or Your attorneys to have any knowledge concerning any of the issues in this Lawsuit; and specify the subject matter about which the witness has knowledge.

**RESPONSE:**

> **Corporate Representative of UnitedHealthcare Group Incorporated ("UHG")**
> **c/o Irene Bassel Frick, Esq.**
> **Akerman LLP**
> **401 East Jackson Street, Suite 1700**
> **Tampa, Florida 33602**
> **Telephone: (813) 223-7333**

**Subject: The UHG Inc. Group Benefits Plan**

\* \* \*

**Corporate Representative of UHS**
c/o Irene Bassel Frick, Esq.
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333

**Subject: UHS's administration of the Patient's claims**

\* \* \*

**Corporate Representative of Vanguard**
c/o Richard P. Hermann, II, Esq.
Genevieve Baisden, Esq.
Shapiro, Blasi, Wasserman & Hermann, P.A.
7777 Glades Road, Suite 400
Boca Raton, Florida 33434
Telephone: (561) 477-7800
Facsimile: (561) 477-7722

**Subject: Medical services provided to the Patient and charges related to same; claim submission and billing practices of Vanguard both generally and related to the Patient; costs incurred by Vanguard related to the medical services rendered to the Patient; amounts billed to the Patient and the Patient's payment arrangement with Vanguard.**

\* \* \*

**George Dreszer, M.D.**
c/o Richard P. Hermann, II, Esq.
Genevieve Baisden, Esq.
Shapiro, Blasi, Wasserman & Hermann, P.A.
7777 Glades Road, Suite 400
Boca Raton, Florida 33434
Telephone: (561) 477-7800
Facsimile: (561) 477-7722

**Subject: Medical services provided to the Patient and charges related to same; claim submission and billing practices of Vanguard both generally and related to the Patient; and costs incurred by Vanguard related to the medical services rendered to the Patient; amounts billed to the Patient and the Patient's payment arrangement with Vanguard.**

3. Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than Yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

> **RESPONSE**: UHS objects to this Interrogatory to the extent that the information sought is equally accessible to Plaintiff and/or already in Plaintiff's possession, custody, or control. UHS also objects to the extent that this Interrogatory seeks information for the purpose of contacting employees of UHS, as such contacts would be improper, unduly burdensome, and in contravention of legal and ethical restrictions on the contact or attempted contact by counsel with a represented party, employee, and/or agent. Moreover, UHS objects to this Interrogatory as it seeks employee contact information which is confidential, irrelevant, and unlikely to lead to the discovery of admissible evidence. Additionally, this Interrogatory seeks documents or information that is not discoverable under ERISA. Furthermore, this Interrogatory seeks information that is irrelevant to the benefit claims at issue in this matter. Statements between employees of UHS, as the claim administrator, and the Plaintiff's employees or representatives may take place on a regular basis in the submission or administration of benefit claims for services that the Plaintiff provides to individuals covered by policies or plans administered by Defendants or their affiliates. Those statements or discussions are specific to the benefit claims that are being administered. It is therefore impossible to respond to this Interrogatory as framed.
>
> Notwithstanding these objections, UHS states that it intends to produce the administrative record related to the benefit claims at issue, which include any Provider Remittance Advice ("PRA"). The PRA is a communication directly to the Plaintiff regarding the administration of the benefit claims, the amounts allowable, the amount of the patient responsibility and the amount that has been authorized to be paid by the claim administrator. Therefore, the answer to this Interrogatory (with respect to the specific benefit claims at issue) may be derived or ascertained from an examination of the claims documents that UHS intends to produce.

4. Identify each and every non-privileged document reflecting Your internal communications (including all letters, notes from verbal conversations, e-mails, and other electronic documents) concerning the Medical Claims at issue in this Lawsuit and/or any allegations set forth in Plaintiff's Complaint.

> **RESPONSE**: UHS objects to this Interrogatory on the grounds that it is vague and ambiguous as to what is meant by "concerning the Medical Claims at issue in this Lawsuit and/or any allegations set forth in Plaintiff's Complaint." UHS also objects to this Interrogatory as seeking information that is not discoverable under ERISA.

4

> **To the extent that this Interrogatory seeks information with regard to the administrative record, UHS states that it intends to produce same.  UHS thus refers Vanguard to documents and communications contained therein since "the burden of deriving and ascertaining the answer will be substantially the same" for Vanguard and UHS.  *See* Fed. R. Civ. P. 33(d).**

5.  Identify all other lawsuits that any Out-of-Network Provider(s) filed against You in Florida since January 1, 2016 involving claims similar to the claims made against You in this Lawsuit.

> **RESPONSE:  UHS objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome.  In addition, it is vague and ambiguous as to what is meant by "claims similar to the claims made against You in this Lawsuit."  UHS also objects to this Interrogatory as seeking information that is not discoverable under ERISA.  UHS further objects that this Interrogatory lacks relevance, as this Interrogatory seeks information exceeding the scope of the issues framed by Plaintiff's Complaint.**

6.  Identify the contractually agreed-to rates of payment for medical services similar to the Medical Services (i.e., similar CPT Codes) in the same geographic area as those at issue in Plaintiff's Complaint under all contracts between You and any medical provider in effect at any time from January 1, 2017 through December 31, 2019.

> **RESPONSE:  UHS objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome.  In addition, it is vague and ambiguous as to what is meant by "medical services similar to the Medical Services," "similar CPT Codes," and "the same geographic area."  UHS also objects to this Interrogatory as seeking information that is not discoverable under ERISA.  UHS further objects that this Interrogatory lacks relevance, as this Interrogatory seeks information exceeding the scope of the issues framed by Plaintiff's Complaint.  UHS also objects to the extent this Interrogatory seeks any confidential and/or proprietary information.**

7.  Identify the amounts billed to You and the amounts You remitted as payment to any medical provider who provided medical services similar to the Medical Services (i.e., similar CPT Codes) in the same geographic area as those at issue in Plaintiff's Complaint from January 1, 2017 through December 31, 2019.

> **RESPONSE:  UHS objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome.  In addition, it is vague and ambiguous as to what is meant by "medical services similar to the Medical Services," "similar CPT Codes," and "the**

5

same geographic area." UHS also objects to this Interrogatory as seeking information that is not discoverable under ERISA. UHS further objects that this Interrogatory lacks relevance, as this Interrogatory seeks information exceeding the scope of the issues framed by Plaintiff's Complaint. UHS also objects to the extent this Interrogatory seeks any confidential and/or proprietary information.

8. Describe in detail the process You used to calculate the reimbursement rates for medical services similar to the Medical Services at issue (i.e., similar CPT Codes), provided by Out-of-Network Providers in the community where the Medical Services were provided, from January 1, 2017 through December 31, 2019.

> **RESPONSE**: UHS objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. In addition, it is vague and ambiguous as to what is meant by "medical services similar to the Medical Services at issue," "similar CPT Codes," and "the community where the Medical Services were provided." UHS also objects to this Interrogatory as seeking information that is not discoverable under ERISA. UHS further objects that this Interrogatory lacks relevance, as this Interrogatory seeks information exceeding the scope of the issues framed by Plaintiff's Complaint. UHS also objects to the extent this Interrogatory seeks any confidential and/or proprietary information.

9. Describe in detail the process You used to calculate the "usual and customary charges," as defined in *Baker County Medical Services, Inc. v. Aetna Health Management, LLC*, 31 So. 2d 842, 845–46 (Fla. 1st DCA 2010), for medical services similar to the Medical Services at issue (i.e., similar CPT Codes), in the community where the Medical Services were provided, from January 1, 2017 through December 31, 2019.

> **RESPONSE**: UHS objects that this Interrogatory assumes and/or mischaracterizes the facts applicable to this matter, specifically that that UHS has a broadly applicable "process" in which it calculates "usual and customary charges." UHS also objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. In addition, it is vague and ambiguous as to what is meant by "medical services similar to the Medical Services at issue," "similar CPT Codes," and "the community where the Medical Services were provided." UHS further objects to this Interrogatory because it seeks a legal conclusion. UHS also objects to this Interrogatory as seeking information that is not discoverable under ERISA. UHS further objects that this Interrogatory lacks relevance, as this Interrogatory seeks information exceeding the scope of the issues framed by Plaintiff's Complaint. UHS further object to the extent this Interrogatory seeks any confidential and/or proprietary information.

10. Identify all individuals and/or entities with any role or involvement in determining the reimbursement rates paid to Plaintiff for the Medical Services at issue and describe each individual's and/or entity's role in making those reimbursement rate determinations.

**RESPONSE: UHS objects to this Interrogatory on the grounds that it is vague and ambiguous as to what is meant by "all individuals and/or entities with any role or involvement in determining the reimbursement rates." UHS also objects to this Interrogatory as seeking information that is not discoverable under ERISA.**

**To the extent the Interrogatory requests identification of the plan sponsor and the claims administrator, UHG is the plan sponsor and UHS is the claims administrator. UHS further states as shown in the Provider Remittance Advices contained with the administrative record, UHS complied with and followed the terms of the plan documents and administrative service agreement ("ASA") with regard to the administration of the benefit claims at issue, which included accessing the Data ISight re-pricing service with regard to the appropriate payment amount for certain of the benefit claims at issue and/or accessing directly or indirectly third party agreements through which Plaintiff agreed to accept a discounted amount.**

11. Identify all documents, databases, schedules, analyses, reports, contracts, summaries, and any other resource that You used or upon which You relied in determining:

   a. a. the reimbursement rates paid to Plaintiff for the Medical Services at issue; and

   b. the "usual and customary charges," as defined in *Baker County Medical Services, Inc. v. Aetna Health Management, LLC*, 31 So. 2d 842, 845-46 (Fla. 1st DCA 2010), for medical services similar to the Medical Services at issue in the community where the Medical Services were provided, from January 1, 2017 through December 31, 2019.

**RESPONSE: With regard to subsection (a), UHS objects to this Interrogatory on the grounds that it is vague and ambiguous as to what is meant by "the reimbursement rates paid to Plaintiff for the Medical Services at issue." To the extent the Interrogatory requests identification of documents relied on by UHS in administering the benefit claims at issue, UHS complied with and followed the terms of the plan documents and ASA with regard to the administration of the benefit claims at issue, which included using published rates allowed by the Centers for Medicare and Medicaid Services (CMS) for Medicare and accessing the Data ISight re-pricing service with regard to the appropriate payment amount for certain of the benefit claims at issue and/or accessing directly or indirectly third party agreements through which Plaintiff agreed to accept a discounted amount.**

7

> **With regard to subsection (b), UHS objects that this Interrogatory assumes and/or mischaracterizes the facts applicable to this matter, specifically that that UHS made a determination of the "usual and customary charges for medical services similar to the Medical Services at issue in the community where the Medical Services were provided, from January 1, 2017 through December 31, 2019." In addition, it is vague and ambiguous as to what is meant by "medical services similar to the Medical Services at issue" and "the community where the Medical Services were provided." UHS further objects to this Interrogatory because it seeks a legal conclusion. UHS also objects to this Interrogatory as seeking information that is not discoverable under ERISA. UHS further objects that this Interrogatory lacks relevance, as this Interrogatory seeks information exceeding the scope of the issues framed by Plaintiff's Complaint. UHS further objects to the extent this Interrogatory seeks any confidential and/or proprietary information.**

12. Identify all agreements, contracts, and/or memoranda of understanding between You and UHG in effect at any time from January 1, 2018 through December 31, 2019, that relate to the administration and/or payment of the Medical Claims at issue.

> **RESPONSE: UHS objects that this Interrogatory is vague and ambiguous in that Plaintiff fails to sufficiently identify what is meant by "agreements, contracts, and/or memoranda of understanding between You and UHG." UHS also objects to this Interrogatory as seeking information that is not discoverable under ERISA. UHS further objects that this Interrogatory lacks relevance, as this Interrogatory seeks information and documents exceeding the scope of the issues framed by Plaintiff's Complaint. UHS also objects to the extent this Interrogatory seeks any confidential and/or proprietary information.**

13. For each request for admission served by Plaintiff in this case that You denied or did not completely admit without reservation or qualification, please state in complete detail the factual basis for Your denial or failure to admit without reservation or qualification.

> **RESPONSE: UHS refers Plaintiff to its Responses and Objections to Plaintiff's First Set of Requests for Admission, which explain the bases for each denial.**

# VERIFICATION OF ANSWERS FOR UNITED HEALTHCARE SERVICES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

*Rebecca Paradise*
_____
Name: Rebecca Paradise
Title:  UnitedHealthcare Networks, Out of
         Network Payment Strategy

On behalf of United HealthCare Services, Inc.

I, Rebecca Paradise, UnitedHealthcare Networks, Out of Network Payment Strategy, on behalf of United HealthCare Services, Inc., declare under penalty of perjury that I have read the foregoing Responses and Objections to Plaintiff's First Interrogatories, and that the same is true and correct to the best of my knowledge, information, and belief.  Executed on August __, 2021.

**AS TO OBJECTIONS:**

Dated: August 16, 2021.                                    Respectfully submitted,

                                                    **Irene Bassel Frick, Esq.**
Florida Bar No. 0158739
irene.basselfrick@akerman.com
**AKERMAN LLP**
401 East Jackson Street, Suite 1700
Tampa, Florida 33602

**Ta'Ronce Stowes, Esq.**
Florida Bar No. 107421
taronce.stowes@akerman.com
magda.cabra@akerman.com
**AKERMAN LLP**
98 SE Seventh Street, Suite 1100
Miami, Florida 33131

*/s/ Allison Paige Gallagher*
**Allison Paige Gallagher, Esq.**
Florida Bar No.: 808911
allison.gallagher@akerman.com
patricia.molloy@akerman.com
**AKERMAN LLP**
420 South Orange Avenue, Suite 1200
Orlando, Florida 32801
Telephone: (407) 423-4000
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 16, 2021, a true and correct copy of the foregoing was served by electronic mail to the following:

**Richard P. Hermann, II, Esq.**
rhermann@sbwlawfirm.com
floridaservice@sbwh.law
**Genevieve Baisden, Esq.**
gbaisden@sbwh.law
sfiero@sbwlawfirm.com
**SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A.**
7777 Glades Road, Suite 400
Boca Raton, Florida 33434

                                                    */s/ Allison Paige Gallagher*
                                                    Allison Paige Gallagher, Esq.